[Civ. No. 2311. Third Appellate District.—July 19, 1921.]

E. E. PROPER, Respondent, v. SUTTER DRAINAGE DISTRICT (a Quasi-Public Corporation), et al., Appellants.

[1] DRAINAGE DISTRICT—DAMAGES TO CROPS FROM CANALS—ACTION AGAINST DISTRICT AND TRUSTEES—JOINT AND SEVERAL LIABILITY. Where in an action against a drainage district and its trustees for damages to crops from the water of the canals one of the defendants died before the trial, it was not error to proceed with the trial without summoning the administratrix to appear, since two or more persons who jointly commit a tort are jointly and severally liable therefor.

[2] ID.—NONLIABILITY OF DISTRICT—CONSTRUCTION OF ACT OF 1885.— A drainage district organized under the statute of 1885 is not

---

2. Liability of drainage district for flooding land, notes, 15 **Ann. Cas.** 908; 21 **Ann. Cas.** 958; 19 **L. R. A. (N. S.)** 991.

liable for damages to crops of private individuals caused by its negligence in the maintenance of its canals, since such act does not authorize suits by or against such districts, except suits by it for the collection of assessments and condemnation of land.

[3] Id.—Liability of Trustees.—The trustees of a drainage district are personally liable for the failure to use ordinary care to prevent the flooding of private property by the canals of the district.

APPEAL from a judgment of the Superior Court of Sutter County. W. A. Anderson, Judge Presiding. Affirmed and reversed.

The facts are stated in the opinion of the court.

A. H. Hewitt for Appellants.

W. H. Carlin for Respondent.

FINCH, P. J.—The plaintiff recovered judgment against all of the defendants excepting Hauss for damages to plaintiff's crop of barley alleged to have been caused by water from the drainage canals of the defendant district. The defendants Giblin, Walton, and Hauss were trustees of the district at the time of the alleged damage.

The lands on which the crop of barley was growing were protected on the west by a ridge and on the east by an old railroad embankment, prior to the construction of the district's canals. The main canal of the district runs in a general southwesterly direction on the west side of the ridge. Lateral No. 4 was constructed immediately adjacent to plaintiff's south line and was cut through the railroad embankment and the ridge. It was designed to drain some fifteen hundred acres of land lying northeasterly from plaintiff's land and to carry the water therefrom to the main canal. In excavating lateral No. 4 the earth was thrown to the south, forming a levee, and leaving the north side of the lateral without any embankment other than the natural ground surface. The lateral was not cut down to grade at certain points to the west of the lands flooded, the bottom being a few inches higher in elevation than farther east. The flooding of plaintiff's land was largely by surface waters carried through the lateral from the east.

As bearing upon defendants' knowledge of the conditions described, it was shown that in the year 1911 the plaintiff filed an action against the defendants for damages from the flooding of the same lands in a manner similar to that set forth in this action. The defendants compromised that case by paying for the crop destroyed and agreeing to construct a levee along the north side of lateral No. 4 to protect the plaintiff's land. The levee on the north side, however, was not constructed until after the damages complained of herein, alleged to have been suffered between January 1 and June 1, 1914. Under the foregoing outline of the facts it is evident that a private individual would be held accountable for negligence. It only remains to consider whether, under existing laws, the defendants are so liable.

[1] Prior to the trial the defendant Hauss died. The administratrix of his estate was substituted but she was not served with summons or notice or brought into court and she did not appear in the action. Seasonable objection was made by the other defendants to proceeding with the trial until the administratrix had been served with appropriate process. Their objection was overruled and the ruling of the court is assigned as error. Two or more persons who jointly commit a tort are jointly and severally liable to the injured party and the court may render judgment against one or more of them, in its discretion. (Code Civ. Proc., sec. 579; *Cole* v. *Roebling Construction Co.*, 156 Cal. 447, [105 Pac. 255]; *Lang* v. *Lilley & Thuston Co.*, 20 Cal. App. 231, [128 Pac. 1028]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 248, [116 Pac. 513]; *McNeely* v. *Superior Court of Los Angeles Co.*, 36 Cal. App. 602, [173 Pac. 102].) There was no error in overruling the objection made.

[2] It is contended that the drainage district is not liable for negligence. Under an unbroken line of decisions in this state relative to reclamation districts, this contention must be sustained. The district was organized under the statute of 1885, page 204. Relative to the provisions of that statute it was said in *Laguna etc. Dist.* v. *Chas. Martin Co.*, 144 Cal. 212, [77 Pac. 934]: "Testing . . . the provisions of this act of 1885 by the provisions of the act of 1868, . . . we find no substantial difference in their respective provisions as to the purposes for which the respective organizations could be created. In fact, the only difference in them is this, that

the act of 1868 in terms referred to the reclamation of 'swamp and overflowed, salt, marsh, or tide lands' as such, and authorized the formation of a reclamation district upon petition of the owners of one-half of any such body of land 'susceptible of one mode of reclamation.' The act of 1885 in question is not, however, limited to the creation of districts for the drainage of any particular kind of land, but provides that on the petition of 'the owners of two-thirds of any body of land susceptible of one mode of drainage' and compliance with further provisions, they may be created. . . . Both acts, too, provide for the reclamation—because the term 'drainage of land' has practically the same application as 'reclamation'; the one is the means employed, the other the result—of bodies of land susceptible of one mode of reclamation.'' In *San Francisco Sav. Union* v. *Reclamation Dist.*, 144 Cal. 639, [79 Pac. 374], the court had under consideration the question of the right to sue a reclamation district organized under the act of 1868, the district not being one against which suit was authorized by law. The court said: ''If it is a corporation, it is necessarily a *quasi*-public corporation, similar to a county or school district, and therefore it could not be sued until such time as an action against it was authorized by law. . . . The same rule would apply if it should be declared a public agency of the state. . . . The right to maintain such an action is an exception, existing only when the right is expressly or by necessary implication authorized by law.'' The act of 1885 does not authorize a suit against a district organized under its provisions or a suit by the district except for the collection of assessments and the condemnation of land. In the case of *Perkins* v. *Blauth et al.*, 163 Cal. 782, [127 Pac. 50], there is *dictum* to the effect that a reclamation district of the character there under consideration is liable for negligence. Section 3453 of the Political Code, however, provides that reclamation districts organized under the chapter in which that section appears ''shall have power to sue and be sued.'' There is much force in the reasoning of the court in the case of *Bradbury* v. *Vandalia Levee & Drainage Dist.*, 236 Ill. 36, [15 Ann. Cas. 904, 19 L. R. A. (N. S.) 991, 86 N. E. 163], wherein it is said: ''To deny to the plaintiffs a recovery of the damages which they have suffered by the efforts of the owners of lands within the district to benefit themselves

would be against natural right and every sentiment of justice." The law under which that case was decided authorized such districts to sue and be sued. Until suits are authorized against such districts in this state, arguments in that regard must be addressed to the legislature rather than to the courts.

[3] It is next urged that the trustees of the district are not liable for negligence. The trustees had the management of the affairs of the district and the maintenance of its system of canals. They knew of the condition of lateral No. 4 and of the prior flooding of the plaintiff's lands therefrom. A duty was cast upon them to use ordinary care to prevent a repetition of the injury. The court was justified in holding that they did not exercise such care. "Negligence is not simply in originating that which may be the cause of mischief or injury, but . . . consists also in failing to control this cause so as to prevent inflicting injury." (*Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 205.) As to whether such trustees are liable under the law for the results of their negligence, the case of *Perkins* v. *Blauth*, 163 Cal. 782, [127 Pac. 50], cited by both parties, is decisive of the question contrary to the contention of the appellants. This is not a case of error of judgment in the construction of the canal system but of continuing its use with knowledge of its defects and without reasonable effort to correct them.

It is claimed that the defendants Giblin, Hauss, and Walton are not sued as individuals but in their official capacity as trustees, and that, therefore, the judgment against Giblin and Walton as individuals must be reversed. The title indicates that they were sued as individuals. It is alleged in the body of the complaint that at all times therein mentioned they were trustees. In charging the acts complained of it is alleged that "said defendants and all of them, in their management, control and operation of said main and lateral drainage canals, collected therein large bodies of water for the purpose of draining the territory traversed by said main canal . . . and said defendants in their said conduct and management of said canals did collect and convey down through said main canal where the same crosses the said lands of plaintiff and into said lateral canal, a large volume of water far in excess of the

carrying capacity of said canals, and did overflow the banks of both thereof and did thereby, by the conveyance of such water down such canals, overflow the banks of said canals and did precipitate water upon and flood the said lands of plaintiff," etc. One, acting in his official capacity, is individually liable for the negligent discharge of his duties. (*Perkins* v. *Blauth,* 163 Cal. 787, [127 Pac. 50].) It was negligence on the part of the trustees to collect and convey through the canals of the district "water far in excess of the carrying capacity of said canals." Since the trustees are individually liable for the negligent discharge of their duties, it was not inappropriate to allege that they were such trustees and that the acts complained of were performed in their conduct and management of the affairs of the district. In any event, the most that can be said in support of appellants' contention is that the complaint is ambiguous. The case was tried upon the theory that the action was against the persons named as trustees in their individual capacities. No demurrer was interposed to the complaint. If there was technical ambiguity it must be held to have been waived. The defendants were not misled thereby. Where a party has not been misled to his prejudice, the ambiguity cannot be said to affect his substantial rights. (*Gassen* v. *Bower,* 72 Cal. 555, [14 Pac. 206]; *Alexander* v. *Central L. & M. Co.,* 104 Cal. 537, [38 Pac. 410]; *Hawley Bros. etc. Co.* v. *Brownstone,* 123 Cal. 646, [56 Pac. 468].)

The judgment as against the defendants Giblin and Walton is affirmed. The judgment as against the defendant Sutter Drainage District is reversed, with direction to the trial court to enter judgment, upon the findings as made, in favor of said district.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1921.

All the Justices concurred.