**WILEY, Adm'r, v. HARRISON et al.**

No. 14701—Opinion Filed Jan. 7, 1925.

**1. Pleading—Erroneous Order for Amendment—Waiver of Error by Compliance.**

Where, upon motion of the defendant, relevant and material averments are erroneously ordered stricken from the plaintiff's petition, and the plaintiff ordered to amend by eliminating averments ordered stricken, such error is not waived by filing an amended petition in compliance with such order.

**2. Municipal Corporations — Liability of City Manager for Torts of Unfit Policeman.**

A petition which alleges that a city manager, vested with the sole power of appointing, retaining, and discharging policeman for a city, willfully and wantonly appointed an unfit and incompetent person as such policeman, and that as a proximate result thereof the plaintiff was injured, states a cause of action against such manager.

**3. Same—Damages for Wrongful Death—Sufficiency of Petition.**

The record examined, and held, that the first amended petition states a cause of action, and that the court erred in sustaining the motions to strike out and to separately state and number, referred to in the opinion.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action brought by Thomas J. Wiley, administrator of Willian Eugene Wiley, deceased, for damages against R. P. Harrison and Howard Nobles. Judgment for defendant Harrison, and plaintiff appeals. Judgment reversed and remanded, with directions.

L. C. McNabb, for plaintiff in error.

Stone, Moon & Stewart and C. V. Perry, for defendants in error.

Opinion by DICKSON, C. On the 23rd of June, 1921, the plaintiff in error plaintiff below, filed suit in the district court of Muskogee county, against R. P. Harrison and Howard Nobles for the wrongful death of William Eugene Wiley, the 14 year old son of the plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendants, as they were designated in the trial court.

The original petition attempted to state a cause of action in favor of the estate of the deceased and a cause of action in favor of the next of kin of said deceased. The defendants moved the court for an order requiring the plaintiff to separately state and number the causes of action attempted to be set up in said petition. The court properly sustained this motion, and the plaintiff by leave of court filed his first amended petition, eliminating the alleged cause of action in favor of the estate of the deceased, and setting up a cause of action against both defendants in favor of the next of kin. For the purposes of this appeal the record necessary to be considered begins with the first amended petition.

The first amended petition alleged, in substance, that at the times mentioned therein the city of Muskogee was a chartered city of the first class, and operating under what is known as a managerial form of government; that the defendant R. P. Harrison was at all of said times the duly appointed, qualified, and acting manager of said city, and as such manager under the charter of said city had and exercised the sole power of appointing and discharging policemen from said city, and that said defendant Harrison with reckless, willful, and wanton disregard of his duty as such manager appointed and employed the said defendant Howard Nobles as a policeman of said city, and vested him with the powers of a policeman; well knowing at the time of said appointment the said defendant Nobles bore the reputation of a person who while acting

under the cloak and color and protection of office habitually resorted to acts of unnecessary violence, with a propensity to kill unnecessarily, and in particular, weak and helpless persons unlawfully and without justification; that at the time of making said appointment the defendant Harrison well knew the reputation of said defendant Nobles or could have ascertained the same by reasonable inquiry, and with reckless disregard of his said duty to make reasonable inquiry did willfully and wantonly employ the said Nobles as such policeman; that shortly after the appointment of said Nobles, and on the 10th day of January, 1921, the deceased, William Eugene Wiley, in company with another boy, entered a building in said city through an open door and went to the second floor of said building; that the defendant Nobles, under the direction of said defendant Harrison, for the purpose of apprehending said boys in company with other policemen, went to said building, that in attempting to apprehend the deceased the said defendant Nobles shot and killed him; that if said boys were guilty of the violation of any ordinance of said city, such offense amounted to juvenile delinquency, and not a felony. The petition then details the circumstances of the homicide, and according to the allegations thereof said killing was wholly unjustified and unwarranted. The petition further alleges that after the unnecessary, wanton, and unwarranted killing of said deceased by the defendant Nobles the defendant Harrison, with full knowledge of all the facts, commended the defendant Nobles for the act of killing said minor, and still retained him as such policeman.

The foregoing are, in substance, the allegations set out in the first amended petition, for the purposes of stating a cause of action against the defendant Harrison. To this amended petition the defendant Harrison filed a separate motion to strike out all of the allegations above referred to, upon the grounds that said allegations were redundant and irrelevant. This motion was sustained and the plaintiff excepted. There was at the same time a separate motion filed by the defendant Harrison for an order requiring the plaintiff to separately state and number the causes of action attempted to be set up in the first amended petition, and this motion was sustained by the court, and the ruling excepted to. In sustaining the motion to strike out, the court granted the plaintiff 20 days in which to amend the petition to comply with the order. In compliance with this order, the plaintiff rewrote his petition, eliminating therefrom the aver-

ments ordered stricken, otherwise the second amended petition was identical with the first. A demurrer was sustained to the second amended petition, upon the grounds that it did not state a cause of action, the plaintiff excepted and declined to plead further, and the court thereupon entered judgment in favor of the defendant Harrison and against the plaintiff, and the plaintiff excepted, and has perfected his appeal to this court, and assigns as error: (1) The order of the court requiring the averments above referred to to be stricken out of the plaintiff's first amended petition. (2) That the court erred in sustaining the motion of the defendant R. P. Harrison to require the plaintiff to separately state and number. (3) That the court erred in sustaining the demurrer to the second amended petition. (4) The court erred in rendering judgment in favor of the defendant R. P. Harrison.

It seems to be conceded that the petition stated a good cause of action against the defendant Nobles. And the real question to be decided in this case is, Did the first amended petition state a cause of action against the defendant R. P. Harrison? and, second, were the averments stricken from the petition material allegations to the cause of action pleaded against said defendant? The defendant Harrison insists that even though the allegations stricken were material, no error can be predicated upon this ruling, for the reason that the plaintiff filed a second amended petition, and in support of this contention cites: Territory ex rel. Johnston v. Woolsey, 35 Okla. 545, 130 Pac. 934; Garr, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161; Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 Pac. 883; Symms Grocery Co. v. Burnham, Hanna, Munger & Co. et. al., 6 Okla. 618, 52 Pac. 918. The rule undoubtedly is that, where an amended pleading is filed, all allegations in the former pleading are abandoned, unless set out in the amended pleading or referred to therein, but this rule, in the nature of things, has application to a voluntary amendment. The order of the court in the instant case directed that the averments be stricken from the petition, and gave defendant time to amend his petition to comply with the order. It amounted to nothing more nor less than order to rewrite the petition, eliminating the allegations ordered to be stricken. The amended petition was framed in this respect by the court and not by the plaintiff, and the rules laid down in the case cited by the defendant in error have no application to the situation here presented, as said in Parish v. Juckett, 131 N. Y. S. 715:

"It will be seen by this drastic order the

court instead of the plaintiff or his attorney substantially framed the complaint—without permitting the pleader to plead facts—as to acts done by the defendant upon which the allegations of the complaint originally could be sustained."

The sustaining of the motion to strike out the controverted averments did not determine the litigation; the plaintiff could not have appealed from this order. Grunawalt v. Grunawalt, 24 Okla. 756, 104 Pac. 905. The effect of the order sustaining the motion and the filing of the second amended petition in compliance with said order leaves the parties in the same situation they would have been in had the court merely ordered the controverted allegations canceled out of the first amended petition, and then sustained the demurrer to said petition stripped of these averments. It is insisted by the defendant that no liability can exist against the city manager for damages resulting from willfulness or negligence on the part of such manager in appointing such policeman, and, therefore, no prejudicial error could result to the plaintiff by reason of the ruling complained of. With this contention we cannot agree. The first amended petition in this case alleged that the defendant Harrison appointed an incompetent and unfit person for policeman, that he knew at the time he made said appointment that said appointee was an incompetent and unfit person for such position, and that as a proximate result of the willful appointment of such person the plaintiff suffered the damages complained of, and it stated a good cause of action against the defendant Harrison.

It might be well to state in this connection that we do not believe that the rule of respondeat superior applies, nor do we believe that the allegations in the first amended petition, that the defendant Harrison retained the defendant Nobles as such policeman after the homicide with full knowledge of the facts as stated in the petition, would in itself constitute a liability, but the plaintiff had a right to unfold his whole case, and, as we view it, the plaintiff should be entitled to give in evidence the acts and conduct of the defendant Harrison in this regard immediately following the homicide. It might be a circumstance tending to show want of care and disregard of duty. We conclude, therefore, that the averments stricken from the first amended petition were material to the cause of action of the plaintiff, and that the error of the trial court in striking said averments was not waived by rewriting and filing the petition in compliance with the order of said court. It is

not necessary at this time to determine the degree of negligence which would warrant the holding of an appointing officer for the acts of his appointee. These questions can be determined upon the trial. We simply hold in this case that the first amended petition stated a cause of action in favor of the plaintiff and against the defendant Harrison and that the court erred in striking the averments indicated from said amended petition. The motion to separately state and number was erroneously sustained, for the reason that the first amended petition did not attempt to state but one cause of action. We recommend that the cause be reversed with directions to the trial court to reinstate the plaintiff's first amended petition, and overrule the motions to strike out and to separately state and number, and to set aside the subsequent orders. and strike from the files the second amended petition, and to proceed with the case on the first amended petition in accordance with the views herein expressed.

By the Court: It is so ordered.