### SHAW v. UNIVERSAL LIFE & ACCIDENT INS. CO.

#### No. 12522.

Court of Civil Appeals of Texas. Dallas.

Nov. 19, 1938.

Rehearing Denied Jan. 14, 1939.

Clifford Craig, of Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

BOND, Chief Justice.

This appeal is from an order dismissing appellant's suit because of appellant's attorney refusing to replead, after being so directed by the trial court. The action of the court in dismissing the suit was in the nature of a summary, punitive process visited upon the plaintiff for acts of disobedience of her attorney in refusing to comply with the order of the court. In sustaining special exceptions to plaintiff's petition, the court deemed it necessary, before the reading of the pleadings to the jury, that the parties should replead, thus ordered plaintiff's attorney to replead his client's cause of action, to conform to the rulings of the court; this, the attorney refused to do, resulting in the order of dismissal.

The trial court is charged and vested with the right and duty of controlling its trials, and such prerogative cannot be taken away by any litigant, particularly when the trial court has ruled otherwise. The court determines, before proceeding to trial, the sufficiency or insufficiency of the pleadings and, in sustaining special exceptions thereto, informs the parties of the view which is entertained by the court, and, when it requires a repleader, the litigants must obey the orders of the court, else suffer the consequences of the refusal. An attorney is never justified in refusing to obey all proper orders of a court.

In this case, the trial court had the right to direct a repleader in order to make the trial pleadings conform substantially to the rulings of the court (Texas Rules of Courts, Rule 29, for District and County Courts); and, having the right to make the order, it had the inherent power possessed by all courts to enforce a compliance therewith. In 49 C.J. pg. 740, section 1037, it is said:

"Where an order has been properly granted to make a pleading more definite and certain or more specific, failure or refusal to comply therewith is an act of contempt, and the action may, and, according to some authorities, must, be dismissed, without prejudice, at least in the absence of reasonable and proper excuse * * *". In such matters, the action of the court is based on the exercise of discretion, reviewable only on abuse of power. In this case, we think it was the duty of appellant's attorney to comply with the order and ruling of the trial court, and, if aggrieved, to have taken exception to the action of the court, and preserved the point by proper bills of exception, thus waiving nothing by a courteous compliance with its orders. The record reveals that appellant is an aged negro woman, ignorant, perhaps, of court procedure and the proper conduct of trials, thus, to visit upon ·her a dismissal of her suit summarily for acts of her attorney in refusing to replead did not justify a dismissal of her cause of action when punishment personal to the attorney was available, especially so, when her pleadings were good as against general demurrer.

This leads to a review of the action of the court in sustaining the exceptions to plaintiff's trial pleadings:

Appellant's suit, primarily, is based upon the terms and conditions of a contract of insurance, which necessarily involves facts, defenses, and proceedings pertaining thereto; and, in paragraphs 9 and 10 of the trial pleadings, appellant alleged a cause of action for $5,000 exemplary damages, personal in nature and not based or dependent upon the terms or conditions' of the contract, or liability of the defendant in reference thereto. The paragraphs relate to a tort action for wrongful appropriation of the policy of insurance sued on and a receipt book showing payments of premiums due and paid on the policy. The court correctly sustained defendant's special exceptions directed to said paragraphs 9 and 10, as expressive of a misjoinder of causes of action, and not germane to plaintiff's primary suit ,on the policy. On another trial, the alleged action for recovery of exemplary damages should be deleted, or the cause repleaded so as to eliminate the exemplary damage feature of the suit, as same is calculated to prejudice the rights of the defendant on trial of the main suit.

On the primary cause of action, plaintiff's petition is prolix; repetition redundant, but, in the main, replete in statements of a cause of action on a contract of insurance. Plaintiff alleged, in effect, that during the year 1929 the defendant executed and delivered to her a policy of insurance, in the event of total disability, to pay to her a sum of $7 for each and every week, for a period of 26 weeks of each year throughout the period of disability; that, during the month of May, 1930, plaintiff became ill, and continued ill up to and including May 22, 1932, when, at that date, she became totally and permanently disabled, confined to her bed under the care of a physician, and that since said date her disability has been continuous and will continue during the remainder of her life; and, "that her illness and sickness was of such a nature that it became necessary for her to have an operation performed", to prolong her life.

She further alleged that, under the terms and conditions of the policy of insurance, she is entitled to recover of the defendant a sum of $7 per week for a period of 26 weeks for each and every year for and during her natural life, or so long as she may be sick or ill or disabled from illness or sickness or accident, to carry on a gainful occupation; that she has been sick and disabled to carry on any kind of occupation since May 22, 1932, and on account thereof, the defendant is liable for such weekly benefits.

Plaintiff further alleged that she has performed all the duties and requirements of the insurance policy, paid all premiums when due and, when total and permanent disability from sickness occurred, she gave notice and exacted blanks from the company in furtherance of her claim under the policy; that the defendant under the policy of insurance, paid to her the weekly benefits due to her for illness prior to May 22, 1932 for the illness she suffered from May, 1930 to May 22, 1932, in accordance with the terms and conditions of the policy, but has failed and refused to pay such benefits since said time and to furnish blanks to her for that purpose.

Plaintiff further alleged that she is unable to present all the terms and conditions of the policy of insurance and to show the receipts for payment of premiums, for the reason the policy and receipt book, in August, 1932 was sur-

rendered to the defendant and are now in its possession; hence, she demands that "the defendant produce upon the trial hereof (policy and receipt book) to be used as evidence, else secondary evidence and their contents will be offered to prove the same, which will be fully alleged hereinafter upon the trial hereof."

Plaintiff further alleged, in general terms, the effectiveness of the provisions of the policy, showing the obligation of the defendant and the rights and privileges accorded to plaintiff in terms as to fully apprise defendant and the court of the cause of action and extent of evidence which plaintiff will be called upon to meet. We think the petition affirmatively shows sufficient facts to justify a recovery in the event of proof to support them, even after the petition had been devitalized and reformed as to the allegations for exemplary damages.

■ The numerous special exceptions of the defendant directed at plaintiff's cause of action upon the policy of insurance were unnecessarily verbose and extremely hypercritical. For example, plaintiff alleged that she was "unable to allege more specifically than she has heretofore for the reason * * * that while she was confined to her bed in her home some time during the latter part of August, 1932, one or more of the defendant's agents acting with full and complete authority and while acting within the scope and course of their employment for the defendant and under the expressed orders of one J. O. McDonald, as well as his instructions, said McDonald being the defendant's manager, * * * she cannot allege the names of the two agents, * * * but their names are well known to the defendant * * *, the policy of insurance was taken from her, and is now in defendant's possession." The trial court sustained defendant's exceptions to the above allegations on alleged grounds "that they were merely conclusions of the pleader; that the allegations are in nowise pertinent or necessary to the adjudication of the issues involving recovery on the policy, and were highly inflammatory and prejudicial." We think the matters complained of trivial and the exceptions thereto should have been overruled.

■ Again, plaintiff alleged "that on the date of the acceptance and delivery of the policy in question, she was in sound health and not affected with any sort of disease; that, at the time of the beginning of her disabilities and illness * * * all of the premiums due and accrued were paid to and received by the defendant company, and were paid at all times; and that, at the time of the taking of the policy and receipt book aforesaid, she had paid the premiums for a period of three months in advance, and, thereafter, at all times, the policy was in full force and effect * * * and was incontestable, according to its terms and provisions; and that, by its terms, the defendant agreed, obligated, promised, and contracted to pay plaintiff, as heretofore set out, and as will be more fully alleged hereinafter, and did become liable and bound to pay to plaintiff the sums of money for the period of time that has been and will be fully alleged herein." To these allegations, the court sustained defendant's exceptions, reading: "It is not alleged to whom the premiums were paid, or to what agent or representative of the defendant company said premiums were paid"; and, "the allegations that the policy was incontestable according to its terms and provisions is clearly a conclusion on the part of the pleader." We think the court erred in sustaining these exceptions. The petition bears evidence that the policy and premium receipt book were in the possession of defendant, and that plaintiff was unable to allege in haec verba the terms and conditions of the policy, or to whom the premiums were paid. The allegations fully advised defendant of matters of which proof will be offered; and, with the possession of the policy of insurance and the premium receipt book, which plaintiff, in her pleadings, called upon the defendant to produce, we think, defendant would not be surprised at the character of proof which plaintiff would offer in sustaining the allegations.

We have reviewed all of numerous special exceptions not above mentioned; they are of similar import, and, in the light of the entire pleadings, we think, plaintiff has sufficiently alleged facts to apprise defendant of the cause of action, and the character of proof which it may be called upon to meet; and that the trial court erred in sustaining the special exceptions to appellant's petition, other than to paragraphs 9 and 10 relating to exemplary damages as above mentioned, and dismissing the suit for failure of the attorney to replead to conform to the rulings of the court.

We do not undervalue the right of a court to point out defects of form in pleadings, cure, by motions and exceptions, the pleadings to make more definite and certain, allegations of facts and require a repleader when it deems necessary; and, certainly, we do not underwrite the action of an attorney in refusing to obey all proper orders of a court; but, to accomplish the purposes intended, punishment for disobedience should be meted out to the one guilty of contempt, before dismissing plaintiff's suit, as the plaintiff is usually the least offender.

Reversed and remanded.

YOUNG, Justice (dissenting).

Upon further consideration of this record and briefs of the parties, I have concluded the judgment of the court below should have been reformed to recite a dismissal without prejudice rather than as entered that plaintiff "go hence without day"; the latter form implying a trial on the merits. 33 Tex.Jur. (Pleading Sec. 155 p. 598). Feeling that the effect of the original opinion is to distinctly abridge the wide discretion uniformly accorded the trial court relative to its passing on sufficiency of pleading prior to a trial, as well as to matters generally pertaining to conduct of trials, I believe this judgment as above reformed should be affirmed. My grounds of dissent will be stated briefly:

It must be admitted of course that when exceptions to parts of pleadings are sustained, such parts, for purposes of trial, are entirely eliminated. Further, as the majority opinion points out, the party against whom such orders are made waives no rights in amending to conform to the "law of the case" as determined by the court; his rights being fully preserved by exception shown in appropriate court order. Dist. Ct. Rules 53–55; Willis v. Graf, Tex.Civ.App., 257 S.W. 664. It is only in case of a voluntary amendment, without excepting, that the matters here under discussion are waived. Pleadings in which changes are required to meet the action of the court on exceptions are held to be involuntary amendments, or pleading reformed by the court. Wiley, Adm'r, v. Harrison et al., 105 Okl. 280, 232 P. 816, 38 A.L.R. 1408, whose rulings thereon are always properly reviewable.

In an appeal of this character, brought about wholly by the refusal of plaintiff to amend after the sustaining of many exceptions to defects in her petition, we must assume the correctness of the court's action on the numerous exceptions involved, and that a sound discretion was exercised; and thereafter the burden or affirmative duty rests upon appellant to show, after such special exceptions are sustained, and objectionable parts entirely eliminated, that sufficient facts remain pleaded, in the court's opinion, to justify a recovery in event of proof to support the same. 33 Tex.Jur. supra, Sec. 153. Until appellant has discharged this duty, we are not called upon to decide, as does the original opinion, whether the trial court ruled properly or incorrectly on the exceptions in question; and in so doing we are assuming the prerogatives of the trial court, and infringing upon functions which, for the time being, are solely within the discretion of such court pertaining to interlocutory matters. It seems to me that we are giving premature and undue assistance to a party who is before us by reason of her own willful conduct (through her attorney) in ignoring usual and customary orders with reference to amendment of pleadings. The personal opinion of the litigant is thereby permitted to override court orders made in the progress of trial; and such practice, on the other hand, should be condemned in the interest of orderly procedure. At least upon this appeal, the action of the trial court being presumably correct, I repeat, the primary burden is upon appellant to show that, after all exceptions have been sustained and the matters and pleadings stricken by reason thereof, a cause of action remains properly pleaded to authorize the introduction of evidence based thereon. This burden plaintiff has completely failed to meet. For instance, numerous exceptions were sustained by Judge Hughes, requiring the petition to be made more definite and certain in fact allegations. Many others eliminated conclusions of the pleader until supported by issuable facts. To visualize the exact condition of such petition after these rulings on exceptions, and to determine what character of action remained for the reception of evidence (the majority opinion conceding that paragraphs 9 and 10 should be stricken), to my mind, must be answered by one with a far better legal perspective than the writer. The situation just referred to presents no abuse of discretion in dismissing the petition without prejudice upon refusal to amend and it

is not our province, or within our jurisdiction, to hold otherwise until an orderly trial is had, after due amendment, with the saving of all necessary exceptions to the court's action in event of a later appeal.

The remedy suggested by the majority, of contempt proceedings against the offending party, might not prove efficacious; could reasonably work a distinct hardship upon opposing counsel and abridges the power of the particular court to enforce its orders, judgments and decrees.

However, if it be permissible to investigate the sustained exceptions, I think the same were correctly disposed of by the trial court, except possibly as to defendant's exceptions 12a and 12e to paragraph 5 of plaintiff's pleadings, and 14a as to paragraph 7; but these were relatively unimportant, and the sustaining or even overruling of same would have resulted in no hardship or prejudice to either party. The original opinion holds the trial court's rulings were proper only as to paragraphs 9 and 10 of the petition, involving misjoinder of a tort action (exemplary damages) with the primary suit on contract. It follows, therefore, that paragraph 3 of the petition to which defendant's exception No. 10 was leveled, was likewise properly sustained by the court, appellant admitting in her brief that paragraph 3, in its entirety, was with reference to facts in support of her claim for exemplary damages.

But if I be mistaken in the above observations, any other disposition of this case than an affirmance thereof is directly in conflict with Overstreet et ux. v. Donnell, Tex.Civ.App., 75 S.W.2d 937, writ dismissed, holding that where special exceptions, designed to require a better and more complete statement of facts in the petition, are sustained, the court is not required to proceed with the objectionable matter in the pleading; and such petition was properly dismissed after plaintiff had been granted full opportunity to amend but refused to do so. Judge Funderburk, speaking for the Eastland Court, there said [page 938]: "The trial court overruled the general demurrer, and, therefore, the judgment of dismissal should upon this appeal be tested by the validity of the grounds upon which the judgment was predicated. Plaintiffs' petition was so defective that we can scarcely determine from a reading of it the nature of the cause of action sought to be alleged, even as against the defendant Donnell. It was undoubtedly subject to special exceptions. The court sustained a number of special exceptions. It is not material to the present inquiry whether all of such special exceptions were properly sustained. The material inquiry is: Were any of them properly sustained? It is our conclusion that a number of exceptions designed to require a better and more complete statement of the facts upon which the plaintiffs relied for recovery were properly sustained. The action of the court in sustaining such special exceptions was an expression of the court's judgment that they should not appear in their then existing form in the plaintiffs' trial pleadings. Plaintiffs had the right, and were granted full opportunity, to file an amended petition to meet the court's ruling. The court was not required to proceed to trial with the objectionable matter in the trial pleadings. Plaintiffs having refused to amend, the court properly, we think, dismissed the suit."