### WHITT et al. v. REED et al.

Court of Appeals of Kentucky.
April 24, 1951.

Rehearing Denied June 8, 1951.

Goheen, Schultz & Shelbourne, Paducah, Henry Jack Wilson, Mayfield, for appellant.

Flavious B. Martin, L. R. Smith Mayfield, for appellee.

CLAY, Commissioner.

This action was filed on behalf of a school child against the Symsonia School Principal, School Superintendent, Maintenance Supervisor, Janitor, and the members of the Graves County Board of Education, as individuals, to recover damages for personal injuries sustained on the school premises. All of the defendants specially demurred to the petition on the ground that the Circuit Court had no jurisdiction of them or the subject of the action. This demurrer was sustained, apparently on the theory that defendants were acting in their official capacities and were immune from suit.

The petition states that the plaintiff, a school pupil, was seriously injured when she attempted to drink at a school fountain and boiling water was expelled therefrom into her face. It is alleged, in meticulous detail, that the Principal negligently installed the plumbing and the hot water system; that the Maintenance Supervisor negligently failed to inspect the installation and negligently installed additional defective plumbing; that the Janitor, with knowledge of the defective condition, negligently failed to shut off the water fountain; that the School Superintendent negligently employed the Maintenance Supervisor and violated certain statutes; and that the members of the Board of Education individually violated specified legal duties, negligently employed the Principal to do the work, knowing him to be unqualified, and were otherwise negligent. Specific wrongful acts are clearly alleged against each and every defendant.

It seems to us the Circuit Court should not have sustained a special demurror to this petition. Clearly the Court had jurisdiction of the subject matter and the individual defendants who were brought before it by summons. The special demurrer should have been overruled.

Since the lower Court apparently treated this special demurrer as a general one, and as the parties have argued on this appeal the question of whether or not the petition states a cause of action against the defendants, we deem it proper to decide that issue.

Defendants contend this suit is in fact one against the Graves County Board of Education and its employees for a tort committed in the performance of official duties. It is, of course, well recognized that a board of education is not liable for torts committed in the exercise of a governmental function. Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S.W. 2d 915. This, however, is not such a suit. The Graves County Board of Education is not a party. Its members and the other school officials are sued in their individual capacities for their individual acts of negligence. We know of no legal theory which insulates a public official from liability for his own personal tortious acts.

As stated in 43 Am.Jur., Public Officers, Section 279: "A public officer as a rule is answerable to private persons who sustain special damage resulting from the negligent performance of the officer's imperative or ministerial duties, * * *."

■ It was pointed out in Thiede v. Town of Scandia Valley, 217 Minn. 218, 14 N.W.2d 400, that immunity from suit is a high attribute of sovereignty, and is a prerogative which cannot be invoked by public officers when sued for their own torts. In Streipe v. Liberty Mutual Life Insurance Company, 243 Ky. 15, 47 S.W.2d 1004 we held that a corner, even though acting in his official capacity, was liable for damages where he wrongfully conducted an inquest. Cases from other jurisdictions recognizing the liability of public officials for the negligent discharge of their duties are: Wynn v. Gandy, 170 Va. 590, 197 S.E. 527; Proper v. Sutter Drainage District, 53 Cal.App. 576, 200 P. 664; Wolfsen v. Wheeler, 130 Cal.App. 475, 19 P.2d 1004; Brooks v. Jacobs, 139 Me. 371, 31 A.2d 414.

■ The petition alleges that the Superintendent, Principal, Maintenance Supervisor and Janitor were negligent in the performance or non-performance of their ministerial duties. The allegations stated a cause of action against them as individuals.

■ With respect to the members of the Board of Education, it is alleged they violated certain statutes when they undertook to authorize the alterations in the school building which resulted in the defective condition causing the plaintiff's injury. In Amburgey v. Draughn, 288 Ky. 128, 155 S.W.2d 740, 742, we held that members of school boards could be held liable "for their failure to perform their mandatory legal duties". In Kirkpatrick's Adm'x (Bronaugh) v. Murray, 294 Ky. 715, 172 S.W.2d 591, we held school board members personally liable upon their failure to procure liability insurance covering the operation of school busses, which was required by statute. The allegations of the petition set out a cause of action in the present case on the ground that the Board members' failure to perform their mandatory legal duties was a cause of the plaintiff's injuries.

■ A further alleged ground of the Board members' liability is that they negligently employed and authorized the Principal to install the plumbing at the school when they knew, or ought to have known, he was not qualified to perform this work. The general rule is thus stated in Shearman & Redfield, "Negligence," (Revised Edition) Section 330, pages 805-6: "All public officers who have the power of appointing their subordinates are bound to exercise ordinary care in selecting proper persons for the position and to superintend their conduct; and they are bound not to assign to them tasks for which they know such subordinates to be incompetent and in the execution of which it is reasonable to infer that disasterous consequences will result."

See also Baisley v. Henry, 55 Cal.App. 760, 204 P. 399; Wiggins v. Hathaway, 6 Barb., N.Y., 632; City of Richmond v. Long's Adm'rs, 17 Grat., Va., 375; Colby v. City of Portland, 85 Or. 359, 166 P. 537; Wiley v. Harrison, 105 Okl. 280, 232 P. 816, 38 A.L.R. 1408.

We conclude the petition states a cause of action against each of the defendants, and therefore the demurrer, treated as either a special or a general one, should have been overruled. We of course do not express an opinion concerning which of the acts or omissions of the defendants, if any, constituted the proximate cause of the plaintiff's injuries.

The judgment is reversed for proceedings consistent herewith.