**Willie Scott STEWART, Appellant,**

v.

**William Andrew SCOTT and Billie Scott, Executor of the Will of Andrew Scott, Deceased, Appellees.**

Court of Appeals of Kentucky.

April 30, 1971.

Co., Ky., 390 S.W.2d 901 (1965) and Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant relied on the statements and answers of the claimant to show his entitlement to a dismissal.

In her deposition she was asked and answered:

"Q. Why did you move over there Mrs. Stewart?

A. Because Papa begged me to.

Q. Mrs. Stewart, a short time before you moved, did or did you not call your father at Billie's house and ask him if it was all right for you to move, and if it was all right with Billie for you to move?

A. Yes sir, because he had asked me to move, he begged me every time he could get with me to move over there, and at that particular time I told him to talk it over with Billie, to see if it was all right, because he had told me to sell every stick of furniture we had, that we wouldn't need any furniture that I could have his furniture, and live in his house as long as I need a home.

\* \* \* \* \* \*

Q. Did you ever expect to render any services to your father as a daughter of his?

A. Yes sir.

Q. Because of your affection for him?

A. That is the only reason I went there, because of the love I had for him.

Q. But then you were expecting to be paid for that? Is that right?

A. No, I wasn't really expecting to be paid for my love.

Q. You say you did render services for him because of your affection, and

M. S. Mahurin, Henderson, for appellant.

Alfred C. Ross, Greenville, for appellees.

STEINFELD, Judge.

Appellant, Willie Scott Stewart, the daughter of Andrew Scott, deceased, sued to recover from her father's estate. She alleged an oral agreement that she would sell her Evansville, Indiana home, that she and her husband would move into her father's residence in Muhlenberg County and that she would care for him during the remainder of his lifetime. She charged he had agreed that he would defray all household expenses and give her the home and farm on which it was located. She pleaded that she had performed as agreed but that her father had not paid the expenses and did not give her the real estate. She claimed $20,000 damages and $3,000 which she had spent in maintaining the home.

The executor took Mrs. Stewart's deposition "as if upon cross-examination \* \* for the purposes of discovery." Based upon the contents thereof the executor moved for summary judgment. The trial court found " \* \* \* that there existed no contract upon which the plaintiff could have her cause of action \* \* \*" so it dismissed the suit. Mrs. Stewart appeals— we reverse.

A summary judgment (CR 56.01) is inappropriate when a genuine issue of material fact exists. Mooser v. Mason, Ky., 416 S.W.2d 355 (1967). It was incumbent on the court to determine if the executor met his burden of establishing the absence of all such issues and in doing so it was required to resolve all doubts against the movant. Cf. Rowland v. Miller's Adm'r, Ky., 307 S.W.2d 3 (1956); Robert Simmons Construction Co. v. Powers Regulator

yet you are asking to be paid here now for that services are you not?

A. Yes, sir.

\* \* \* \* \* \*

Q. You said that you changed your mind about wanting to be paid since the death, what is the reason that you feel that you should be compensated in this law suit? Would you explain that in your own words?

A. My own words, I just feel like I was left out, kicked out of a home.

Q. Why do you think you were kicked out of a home, why were you entitled to his home?

A. Well I felt like I was, because he begged us to sell ours and come over there, if he hadn't begged us to sell it, we would still be in Evansville.

Q. Did he ever make any agreement with you that you were to have that home?

Mr. Ross: Object.

Q. Let me re-word it. Did he ever state to you that you could have that home?

A. He said I could have a place to live as long as I lived."

Mrs. Stewart explained the expenditures they were forced to make, and that her father "kept saying that he would pay for it, but he never paid it \* \* \*". She said they were also claiming about $5.00 per day for services and for reimbursement of money spent for "extra groceries".

The claimant filed her affidavit to resist the motion for summary judgment in which she stated that her father had agreed to "\* \* \* see that she and her husband had a place to live for the rest of their lives \* \* \*".

Among others, material issues exist as to whether a contract was entered into and

its terms, if there was one. The answers to the questions propounded to Mrs. Stewart did not resolve these issues or disclose that she could not establish a claim. We are of the opinion that the trial court erred in dismissing the complaint as the record does not establish that Mrs. Stewart "\* \* \* cannot prevail under any circumstances." Isaacs v. Cox, Ky., 431 S.W. 2d 494 (1968). Cf. Cheshire v. Barbour, Ky., 455 S.W.2d 62 (1970).

The judgment is reversed.

All concur.