**Martha Gail COPLEY, an Infant suing by her next friend, Christine Copley, etc. et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF HOPKINS COUNTY et al., Appellees.**

Court of Appeals of Kentucky.

May 7, 1971.

several other jurisdictions which have done so. Appellants concede that the decision in Cullinan v. Jefferson County, Ky., 418 S. W.2d 407, required the trial court's decision as related to the Board of Education of Hopkins County, but entreat the court to overrule that case and abandon the doctrine of sovereign immunity as to school boards. A majority of the court, as presently constituted, is not persuaded that the rule announced in Cullinan should be abrogated. The trial court correctly dismissed the complaint to the extent that recovery was sought against the Board of Education of Hopkins County.

Damon A. Vaughn, Madisonville, for appellants.

Thomas B. Spain, Mills, Spain & Mitchell, Madisonville, for appellees.

DAVIS, Commissioner.

Martha Gail Copley, suing by her next friend, sought damages for personal injuries allegedly suffered when she was struck by a playground swing on the ground of the public school in Hopkins County which she attended. Her mother sued for recovery of damages allegedly caused to her by reason of her daughter's injury. The named defendants, appellees here, were the Board of Education of Hopkins County, the county school superintendent, the members of the Board of Education, and the school principal. A summary judgment was entered dismissing the complaint as to all of the defendants. The plaintiffs, now appellants, seek reversal urging that (1) the doctrine of sovereign immunity of boards of education should be abrogated, and (2) summary judgment was inappropriate as to the individual defendants.

■ The appellants urge the court to renounce the doctrine of sovereign immunity as to school boards, citing the decisions of

■ The trial court erred in granting summary judgment in favor of the individual members of the Board of Education and the superintendent and principal. In Carr v. Wright, Ky., 423 S.W.2d 521, the court pointed out that a public officer is subject to liability for his actions within the scope of his public employment if such actions produced damage by reason of the officer's personal fault, such as negligence or deliberate wrongdoing.

The complaint charged that each of the individual defendants, acting in his respective official capacity, was guilty of gross negligence and carelessness in operating, maintaining, and supervising the playground and recreational facilities at the public school. The complaint charged that the superintendent and the individual board members failed to exercise ordinary care in selecting and employing personnel to properly maintain, operate, and supervise the recreational facilities at the school. It was charged that the injuries and damages were proximately caused by the alleged negligence of the individual defendants. These allegations were sufficient to state a claim within the rationale of Moores v. Fayette County, Ky., 418 S.W.2d 412; Shearer v. Hall, Ky., 399 S.W.2d 701; Spillman v. Beauchamp, Ky., 362 S.W.2d 33, 2 A.L.R.3d 814; and Whitt v. Reed, Ky., 239 S.W.2d 489, 32 A.L.R.2d 1160.

When the case was submitted upon appellees' motion for summary judgment, the only evidentiary material in the record consisted of the depositions of Superintendent Crowe and Principal McClearn. These two men testified that they knew nothing of the details of the accident. They made no showing respecting the extent of care used in employing personnel, and no substantial showing of the degree of care afforded in supervision and maintenance of the playground facilities and activities. The depositions of these two defendants did not sustain the burden resting on a movant for summary judgment. The rule has been stated often that a movant for summary judgment has the burden of establishing that there is no genuine issue of material fact. The showing must be sufficient to exclude reasonable doubt; the evidentiary material supporting the movant must be similar to that required to entitle the movant to a directed verdict at a jury trial. Cf. Stewart v. Scott, Ky., 466 S.W. 2d 450, decided April 30, 1971; Totten v. Parker, Ky., 428 S.W.2d 231; Neal v. Welker, Ky., 426 S.W.2d 476; Barton v. Gas Service Company, Ky., 423 S.W.2d 902; Robert Simmons Construction Company v. Powers Regulator Company, Ky., 390 S.W.2d 901. CR 56.03.

Viewed in light of the decisions cited, the appellees did not present evidentiary material which required the appellants to "show their hand," as was true in Neal v. Welker, Ky., 426 S.W.2d 476, and as discussed in Robert Simmons Construction Company v. Powers Regulator Company, Ky., 390 S.W.2d 901, 905. It is only when the moving party has first established the apparent nonexistence of a genuine issue of material fact that the opposing party must adduce countervailing evidentiary material. Here the individual appellees did not establish the apparent nonexistence of a genuine issue of material fact, so the appellants had no obligation to present any evidentiary material.

The judgment is affirmed to the extent that it absolves the Board of Education of Hopkins County, and it is reversed in all other respects.

MILLIKEN, C. J., and EDWARD P. HILL, JR., PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., dissents, stating that he would affirm the judgment granting summary judgment as to all defendants. It is his opinion that the pleadings and evidence are sufficient to support the actions of the trial court.