Filed 11/20/14  Hurtado v. Ford Motor CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSE HURTADO et al., | B247469 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. Nos. BC434423/JCCP4160) |
| FORD MOTOR COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Anthony J. Mohr, Judge.  Affirmed.

Law Office of Herb Fox, Herb Fox; Gnau & Tamez Law Group, Daniel R. Tamez for Plaintiffs and Appellants.

Larson, Garrick & Lightfoot, Arnold D. Larson, Mary P. Lightfoot, Jorge A Burgos for Defendant and Respondent Bridgestone Americas Tire Operations, LLC.

Snell & Wilmer, Daniel S. Rodman, Todd E. Lundell for Defendant and Respondent Ford Motor Company.

_____

A vehicle manufactured by defendant Ford Motor Company and bearing tires manufactured by defendant Bridgestone Americas Tire Operations (hereafter Bridgestone) was involved in a single-auto accident in Mexico in 2009, injuring the driver and two passengers and resulting in the deaths of two other passengers. All injured parties were Mexican residents. They and plaintiff Jose Antonio Hurtado (hereafter Hurtado), the husband of one of the victims and an alleged California resident, sued Ford, Bridgestone, and two individuals in California, alleging their injuries were caused by a defective Bridgestone tire that the other defendants negligently installed or allowed to remain on the vehicle. After one individual defendant was discharged in bankruptcy and the other defaulted, the trial court severed the action as to the defaulting defendant and stayed it as to Ford and Bridgestone on the ground of forum non conveniens.

Plaintiffs appeal, contending: (1) The trial court improperly severed their claims against the defaulting defendant from those against Ford and Bridgestone; (2) Ford and Bridgestone waived their right to complain about the forum by conducting extensive discovery before moving to stay the action; and (3) the evidence does not weigh in favor of Mexico as a forum for this litigation.

We affirm.

## BACKGROUND

The facts are undisputed. On April 7, 2009, Luz Maria Hurtado Verdugo was driving in Sonora, Mexico in a Ford Explorer bearing Bridgestone tires. Her passengers were Enriqueta Verdugo Ruelas, Luz Maria Vazquez Hurtado, Luz Brizeyda Hurtado Verdugo, and Antonio Alonzo Perez Hurtado. She lost control of the vehicle and it left the roadway and rolled over, killing Luz Maria Vazquez Hurtado and Antonio Alonzo Perez Hurtado and injuring everyone else.

On March 24, 2010, the surviving accident victims and their family members, including Hurtado, the husband of Enriqueta Verdugo Ruelas, father of Luz Maria Hurtado Verdugo, and guardian ad litem Luz Maria Vazquez Hurtado, filed a lawsuit in the Los Angeles Superior Court, naming as defendants Ford, Bridgestone, Rouiben Djoujian (the original owner of the vehicle), and Peter Ramos, an intermediate owner.

2

Ford and Bridgestone answered in May 2010, Ford asserting forum non conveniens among other defenses and Bridgestone claiming the lawsuit was filed in an improper venue. Ramos, who was never located, was served by publication. His default was taken when he failed answer. Djoujian's liability was discharged in bankruptcy, leaving only Ford and Bridgestone actively participating in the case (hereafter defendants).

All plaintiffs except for Hurtado are residents of Mexico. In his guardian ad litem application filed on March 24, 2010, Hurtado indicated he and Luz Maria Vazquez Hurtado both resided in Whittier, California.

In June 2010, the case was transferred to Los Angeles to become part of a Judicial Council Coordination Proceeding (JCCP). As is typical with JCCP proceedings, plaintiffs filled out a fact sheet containing a list of questions pertaining to the basic facts of the case. In his responses, Hurtado indicated he and Luz Maria Vazquez Hurtado resided in Mexico, and had done so for the three years leading up to the accident. In October 2010, in response to Ford's request for supplemental responses clarifying his residence, Hurtado represented that he resided both in Whittier and Mexico, and "travels back and forth."

On November 15, 2010, Ford, later joined by Bridgestone, moved to dismiss or stay the action on the basis of forum non conveniens. The motion was tabled for some time to permit limited forum-related discovery which revealed that Hurtado lived in California only part time and all other plaintiffs, including his wife Enriqueta, resided in Mexico. After further law and motion practice, defendants renewed their motion and stipulated to submit to the jurisdiction of a Mexican court and waive any statute of limitations defense.

On May 31, 2012, the trial court denied the motion on the ground that not all defendants had joined it or were amenable to jurisdiction in Mexico. Specifically, the court observed that although plaintiffs had taken Ramos's default more than a year earlier, they never reduced it to a judgment. The court stated the continued presence of Ramos in the case "constitute[d] the sole reason the Court is denying the motion to

3

dismiss. . . .  But for [that defendant], the motion to dismiss on the ground of forum non convenience ha[d] merit and would have been granted."

Defendants then moved the trial court to sever plaintiffs' claims against Ramos. The court granted the motion, finding severing the case against Ramos, who had never been located and was served via publication only, would prevent undue expense and further the interests of justice.  The court then found Mexico to be a suitable alternative for the litigation and granted defendants' motion to stay the case in favor of litigation there.[1]

Plaintiffs appealed.

## DISCUSSION

### A.    Severance

Plaintiffs first contend the trial court had no discretion to sever the case against Ramos because doing so impairs their right to trial by jury.  We disagree.

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, . . . preserving the right of trial by jury required by the Constitution or a statute of this state or of the United States."  (Code Civ. Proc., § 1048, subd. (b).)  We review a severance order for abuse of discretion.  (*Downey Savings & Loan Ass'n v. Ohio Casualty Ins. Co*. (1987) 189 Cal.App.3d 1072, 1086.)

Here, plaintiffs alleged Ramos, as an intermediate owner of the car, failed to remove a defective tire, which caused their injuries.  Ramos has never been located, was served via publication, and defaulted (although judgment has not been entered against him).  It is unknown whether he is dead or living.  Under these circumstances, the trial court was well within its discretion to conclude severance of the case against Ramos would further convenience and be conducive to expedition and economy.

---

[1] The formal order states the case was dismissed, but at the hearing the trial court indicated it was merely stayed, which result is also reflected in the minute order.

4

Plaintiffs argue severance is unavailable where no default judgment can be taken against the severed party, and a default judgment cannot be taken against a party who is jointly liable on the same obligation with non-defaulting parties. Ramos is jointly liable with Ford and Bridgestone, plaintiffs argue. Therefore, their claims against him cannot be severed. The argument is without merit.

Even if all defendants were found to be negligent, Ramos would be jointly and severally liable with Ford and Bridgestone, not merely jointly liable. (*Proper v. Sutter Drainage Dist*. (1921) 53 Cal.App. 576, 578 ["Two or more persons who jointly commit a tort are jointly and severally liable to the injured party and the court may render judgment against one or more of them, in its discretion"].) Nothing would prevent separate judgments against Ramos and the other defendants, and thus no reason exists why a default judgment may not be entered against Ramos or why the allegations against him may not be severed.

Plaintiffs argue for the first time in their reply that severing the case as against Ramos would deprive them of their right to a jury trial against Ford and Bridgestone, as Mexico has no jury system for adjudicating civil disputes. The argument is patently meritless. Assuming Mexico has no jury system, as plaintiffs represent, severing Ramos did nothing to send the case against Ford and Bridgestone to Mexico.

**B.      Forum Non Conveniens—Timeliness**

Plaintiffs contend defendants waived their right to stay the action by engaging in substantial nonjurisdictional discovery before moving to stay or dismiss for forum non conveniens. We disagree.

Under some circumstances a defendant may waive its right to dismissal for forum non conveniens by availing itself of the home jurisdiction's procedural devices and protections. For example, in *Martinez v. Ford Motor Co*. (2010) 185 Cal.App.4th 9, the defendants, who "knew, or had reason to know, at the time they were served [with the complaint], of the possible suitability of Mexico as a forum more convenient than California for trying the case." (*Id*. at p. 21.) Yet they propounded "more than 1,400 pages of written discovery" the responses to which "spanned more than 650 pages," then

waited eight months after receiving the responses before moving to dismiss the action for forum non conveniens. (*Id.* at pp. 16-17.) The appellate court held they obtained extensive discovery they could not have obtained in Mexico, and plaintiffs were prejudiced as a result. "Having availed themselves of the advantages of California courts to the prejudice of [the plaintiffs]," the court held, defendants could not now "be heard to say our state's courts are inconvenient." (*Id.* at p. 21.) No similar circumstances exist here.

Here, the trial court found defendants were not put on notice at the time the complaint was filed that Mexico would be a more convenient forum—Hurtado had represented in his guardian ad litem application that he lived in Whittier. It was not until they received plaintiffs' fact sheet that they discovered he had lived in Mexico during the three years leading up to the accident. Neither did defendants propound extensive nonjurisdictional discovery. Rather, the only discovery consisted of the standard fact sheet propounded in many JCCP cases. Defendants did not delay after receiving plaintiffs' fact sheet, but immediately propounded jurisdictional discovery and soon after receiving responses filed their forum non conveniens motion. Finally, plaintiffs offer no explanation how the discovery defendants obtained—plaintiffs' responses to the fact sheet questionnaire—could not have been developed in a proceeding in Mexico or how plaintiffs were otherwise prejudiced. We conclude the trial court was within its discretion to find defendants' motion to be timely.

## C. Forum Non Conveniens—Merits

Plaintiffs contend Mexico is not a suitable forum and the balance of convenience favors California as the forum for this litigation. We disagree.

"When a court upon a motion of a party or its own motion finds that in the interest of substantial justice, an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc., § 410.30, subd. (a).) "Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more

6

appropriately and justly tried elsewhere." (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751.) "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Id*. at p. 751.) On a motion for forum non conveniens, the defendant, as the moving party, bears the burden of proof. The granting or denial of such a motion is within the trial court's discretion, and substantial deference is accorded its determination in this regard. (*Ibid*.)

### 1. Mexico is a suitable alternative forum

Plaintiffs argue Mexico is not a suitable alternative forum for this action because it does not recognize Hurtado's loss of consortium claim. We disagree.

"A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits." (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036-1037.) Here, defendants have stipulated to submit to jurisdiction in Mexico and have waived any statute of limitations defense.

That Mexico may not recognize Hurtado's cause of action for loss of consortium (assuming this is true) does not render the forum unsuitable. It is a "rare circumstance[]" where a forum will be found unsuitable "even when the defendant is amenable to process and there is no procedural bar to hearing the issues on the merits." (*Chong v. Superior Court*, *supra*, 58 Cal.App.4th at p. 1037.) "This exception has been applied in cases where the proposed alternative forum is in a foreign country that lacks an independent

7

judiciary," for example, where the courts are "administered by Iranian mullahs and the plaintiffs were likely to be shot if they returned to Iran," and where the courts are controlled by a military junta. (*Ibid.*) No such circumstance applies here. "[A] forum is suitable where an action 'can be brought,' although not necessarily won." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132.) Nothing suggests this case cannot be brought in Mexico. It is therefore a suitable alternative forum.

### 2. Private interests

Among the private interest factors are: (1) the amenability of the parties to personal jurisdiction in this state and in the alternative forum; (2) the relative convenience to the parties and trial witnesses of the competing forums; (3) the selection of a convenient, reasonable and fair place for trial; (4) the extent to which the cause of action arose out of events related to this state; (5) the extent to which any party will be substantially disadvantaged by a trial in either forum; (6) the relative inconvenience to witnesses and relative expense to parties of proceeding in this state or the alternative forum; and (7) the extent to which the relationship of the moving party to the state obligates him or her to participate in judicial proceedings here. (*Ford Motor Co. v. Ins. Co. of North America* (1995) 35 Cal.App.4th 604, 616.)

"Many cases hold that the plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant." (*Stangvik*, *supra*, at p. 754.) However, this is not true where the plaintiff is a foreign citizen. (*Id*. at pp. 754-755 ["the reasons advanced for this frequently reiterated rule apply only to residents of the forum state . . . . Where, however, the plaintiff resides in a foreign country, . . . the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state where the action is filed"].)

Here, all plaintiffs are Mexican citizens and all but one reside there full time, and even Hurtado resides there at least sporadically. Furthermore, the accident occurred in Mexico, all the witnesses to it are there—including emergency response and medical personnel and records—and any necessary documentary evidence that must be obtained from defendants may be obtained through normal channels there. (The converse is not

true, as defendants would have no avenue by which to compel attendance of Mexican witnesses or production of documents in a California courtroom.)  The trial court was therefore well within its discretion to find private interests favored Mexico as the venue for this litigation.

### 3.      Public interests

There are four factors to be considered in determining whether the public interest favors the granting of this motion:  (1) California's interest in avoiding undue congestion of its courts due to the trial of foreign causes of action; (2) this state's deterrent and regulatory interests in products manufactured here; (3) appropriate deference to the laws and policy decisions of foreign governments; and (4) the competitive disadvantage to California business if resident corporations were required to defend lawsuits here based on injuries incurred in other jurisdictions.  (*Ford Motor Co.*, *supra*, 35 Cal.App.4th at p. 614.)

California has minimal interest in remediating injury suffered by foreign nationals in another jurisdiction, and Mexico has a strong interest in protecting its citizens from just such injury.  The trial court was within its discretion to conclude the California courts need not be subjected to the expense, and the community should not be imposed upon to empanel a jury, in litigation in which California has minimal interest.

### DISPOSITION

The severance and stay orders are affirmed.  Each side is to bear its own expenses on appeal.

NOT TO BE PUBLISHED.


                                                                CHANEY, J.

We concur:

            ROTHSCHILD, P. J.                            MILLER, J.[*]

_____

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9