Heber S. MOORES, Appellant,

v.

FAYETTE COUNTY, Kentucky et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1967.

Rehearing Denied Oct. 6, 1967.

William C. Jacobs, Lexington, for appellant.

Armand Angelucci, William H. McCann, Brown, Sledd & McCann, Lexington, for appellees.

MONTGOMERY, Judge.

Heber S. Moores, appellant, sued Fayette County, Kentucky; Fayette County Fiscal Court and its members, officially and individually; Bart N. Peak as County Judge; Fayette County Government, doing business as Fayette County Court House; and Cincinnati Insurance Company of Cincinnati, Ohio, to recover damages for injuries suffered by her in a fall on "certain steps

and/or sidewalk" on the premises of the Fayette County Court House. It was alleged that the fall was the proximate result of the negligence of the defendants in failing to remove an accumulation of "snow, sleet and ice" which had thereon collected. The action was dismissed as to the county, the fiscal court, and the fiscal court members as being barred by governmental immunity. The other named defendants were held to be improper parties to the action.

■ Appellant contends that the doctrine of sovereign immunity should not bar a negligence action against the county. The same contention was adversely decided in Cullinan v. Jefferson County, Ky., 418 S.W. 2d 407.

■ The dismissal of the action as to the insurance company was proper. A claimant may not join the insured and the insurer in an action based on the insured's negligence. New York Indemnity Company v. Ewen, 221 Ky. 114, 298 S.W. 182; Ocean Accident & Guarantee Corporation v. Milford Bank, 236 Ky. 457, 33 S.W.2d 312; Chambers v. Ideal Pure Milk Company, Ky., 245 S.W.2d 589; Happy v. Erwin, Ky., 330 S.W.2d 412. It was pointed out in the latter case that the insurer is not liable until after a judgment has been rendered fixing liability against someone insured by the insurer. Under the contract of insurance in the present case, the insurance company is not obligated to pay until "the insured (the county) shall become legally obligated to pay." The facts of the present case are singularly like the facts in Happy v. Erwin in this respect. To inject the insurance angle into a case is generally considered to be reversible error. Hall v. Ratliff, Ky., 312 S.W.2d 473. Further, in a majority of jurisdictions it is held that the procurement of liability or indemnity insurance by a governmental unit has no effect upon its immunity from tort liability. See Annotation, 68 A.L.R.2d 1437.

■ The dismissal of the action as to the Fayette County Government, doing business as Fayette County Court House, was also proper. It is difficult to conceive the ground upon which such might be considered as a legal entity and thus be suable. "Legal entity" means legal existence. Department of Banking v. Hedges, 136 Neb. 382, 286 N.W. 277. The abilities to sue and be sued and to be made amenable to legal processes are characteristics of a legal entity. Each is lacking here. The Fayette County Government, doing business as Fayette County Court House, was not a party suable in this action.

■ The remaining question is whether the members of the Fayette County Fiscal Court are liable individually for the injuries suffered by appellant. She argues that KRS 67.140 places certain duties on the fiscal court and that the members of the court should be held liable for negligently failing to perform such duties.

KRS 67.140 provides:

"In counties containing a city of the second class wherein all terms of the circuit court are held at the county seat, the fiscal court shall have the care and custody of the courthouse at the county seat, the courtrooms and offices therein, and the public grounds adjacent thereto, and shall have authority and jurisdiction to levy and collect property taxes necessary for the purpose of keeping and maintaining the courthouse and grounds in proper condition and repair, to prevent injury thereto, to keep them in a proper state of cleanliness and sanitation, to provide heat and lights for them, and to provide sufficient water for the courts and offices therein."

Fayette County falls within the classification of this statute.

Appellant has seized upon that part of the statute ending with the words "adjacent thereto" on which to base the argument that the fiscal court had a statutory duty to prevent injury to third persons who might be on and about county premises, citing

Upchurch v. Clinton County, Ky., 330 S.W. 2d 428.

A reading of the entire statute makes it apparent that the purpose of the statute is to give taxing authority to the fiscal court to raise money to protect and prevent injury to the property of the county and to make adequate provisions for the maintenance of appropriate offices and court facilities. The county judge and members of the fiscal court have many other duties and responsibilities that demand of their time and efforts. Such statute does not contemplate that the members of the fiscal court shall be at the place where work is being done to carry out the purpose of the statute, nor does it contemplate that such members shall personally superintend the manner in which it is being done.

The law contemplates that the courthouse, courtrooms, offices, and adjacent grounds shall be physically maintained in proper condition and repair and shall be kept protected from injury, as well as for the other purposes mentioned specifically. It is contemplated that such work shall be done under the general supervision of the court and that subordinates shall be employed to handle the details of the work, such as to clean "snow, sleet and ice" from the courthouse steps. This is the necessary implication of the statute. It is compelled by physical necessity.

■ The rule is that public officers are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them if they have employed persons of suitable skill. Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107; Coldwater v. State Highway Commission, 118 Mont. 65, 162 P.2d 772; Fernelius v. Pierce, 22 Cal.2d 226, 138 P.2d 12; Corliss v. Van Duzer, 132 Or. 265, 285 P. 253.

The rule was recognized in Whitt v. Reed, Ky., 239 S.W.2d 489, 32 A.L.R.2d 1160, wherein public officers were held liable for their failure to exercise ordinary care in selecting subordinates who were known to them to be unsatisfactory to perform the task which they negligently performed, and in the execution of which it was reasonable to infer that disastrous consequences would result. In Spillman v. Beauchamp, Ky., 362 S.W.2d 33, 2 A.L.R. 3d 814, it was pointed out that there must be "some element of personal fault on the part of the officer or agent, such as negligence or deliberate wrongdoing."

In Shearer v. Hall, Ky., 399 S.W.2d 701, the majority of the court proceeded on the theory that the duties imposed on the members of the fiscal court by KRS 67.080 with respect to county roads and bridges were ministerial in character and held that an allegation of willful and wanton failure to perform such duties was sufficient to charge liability. There is no such charge in this case.

Appellant does not allege that the members of the fiscal court were negligent in selecting subordinates to service the courthouse and grounds adjacent thereto. She does not contend that the statute contemplates that such members shall personally remove the accumulation of "snow, sleet and ice."

While it is alleged that the fiscal court members were negligent in failing to cause to be removed the accumulation, this is not sufficient. Nor is it sufficient to allege that they "know, or should have known by reason of the existing weather conditions at the time and place aforesaid, that the premises were unsafe," etc. The last allegation would require that the members of the fiscal court should assume that an employee would not perform his duties in a proper and timely manner. Such assumption is not warranted.

The order of dismissal was proper.

Judgment affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE and STEINFELD, JJ., concur.

**415**

HILL and PALMORE, JJ., dissent for the same reasons stated in dissent in Cullinan v. Jefferson County, Ky., 418 S.W.2d 407.