**Gail LEE, Appellant,**

v.

**McCRACKEN COUNTY FISCAL**
**COURT, Appellee.**

**No. 92–CA–001882–MR.**

Court of Appeals of Kentucky.

July 30, 1993.

Rehearing Denied Oct. 1, 1993.

Discretionary Review Denied by Supreme Court April 13, 1994.

Howerton, J., filed concurring opinion.

Larry Kelley, Wickliffe, for appellant.

John S. Hoffman, Henderson, for appellee.

Before EMBERTON, HOWERTON and MILLER, JJ.

EMBERTON, Judge.

This is an appeal from a summary judgment for McCracken County Fiscal Court, defendant below, in an action for negligence. Specifically, the trial court ruled that although McCracken County Fiscal Court had secured a policy of premises liability insurance it nevertheless was immune from liability on the basis of sovereign immunity. On appeal, the single issue is whether the trial court acted correctly in ruling that there was no genuine issue as to any material fact and that, therefore, the appellee was entitled to judgment as a matter of law. CR 56.03. We disagree with the trial court and reverse and remand.

As a result of a slip and fall on the steps of the McCracken County Courthouse, the appellant, Gail Lee, filed this action in January of 1992 alleging negligence against the appellee, McCracken County Fiscal Court. Specifically, she alleged negligence on the part of McCracken County, its agents and employees in failing to clean ice from the steps of the courthouse. After limited discovery by both parties, McCracken County moved for summary judgment on the basis of sovereign immunity. Although apparently the county had purchased a policy of premises liability insurance, the trial court granted the motion, confining its ruling to an interpretation of KRS 67.180. It is from such judgment that Ms. Lee now appeals.

Although the appellant argues that the language of KRS 67.180 can be read to encompass the purchase of three types of insurance by a fiscal court—insurance covering vehicles, insurance relating to compensation of employees, as well as "insurance of all kinds deemed advisable"—we think that the clear wording of the statute is more restrictive and was correctly construed by the trial court. KRS 67.180 permits a fiscal court of a county to purchase insurance policies of all kinds as those policies relate to county operated vehicles as well as compensation insurance. The heading of the statute—"Motor Vehicles and Compensation Insurance ..."—as well as the statute's plain words, support this interpretation. *See Gateway Construction Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1962); *Kentucky Association of Chiropractors, Inc. v. Jefferson County Medical Society,* Ky., 549 S.W.2d 817 (1977).

Although the trial court may have correctly construed the limitations and application of KRS 67.180, it failed to consider the language of KRS 65.150, which states in part:

(1) A county or city or urban-county government and any board, commission, agency or authority of a county, city or urban-county government may expend funds necessary to insure any of its employees, officials and property against any liability or property damage arising out of an act or omission committed in the scope and course of performing legal duties.

Given the language of KRS 65.150(1), we view the specific question before us as being whether a statute which *permits* a county to purchase liability insurance (rather than one which mandates such a purchase) effectively waives the county's sovereign immunity to the extent of the policy's limit.

McCracken County argues that given the decision of the Court in *Moores v. Fayette County,* Ky., 418 S.W.2d 412 (1967), the answer is that such a statute does not waive sovereign immunity for a county, even to a limited degree. In *Moores, supra,* the Court dismissed a negligence action against Fayette County and its fiscal court on the basis of sovereign immunity notwithstanding the fact that the county had purchased liability insurance. The Court ruled that the purchase of liability insurance had "no effect upon its immunity from tort liability." At 413. It is important to note that *Moores* was decided before the enactment of KRS 65.150. Consequently, that decision is distinguishable from the case before this Court.

In *Green River Health Dept. v. Wigginton,* Ky., 764 S.W.2d 475 (1989), the Court addressed the effect upon the county's immunity from tort liability resulting from a statute which authorizes or permits a county, or other state agency, to purchase liability insurance. There, the Court ruled that the effect of such a statute is to permit a suit against the county "to determine and measure the liability of the insurance carrier." At 476.

Significantly in *Green River,* the Court distinguished its ruling from *Moores:*

> The bright line between these cases and those permitting a claim is there was no statute mandating or *permitting* (emphasis added) the purchase of liability insurance. Our Court held that the purchase of indemnifying insurance by the governmental entity, *per se,* did not establish a right to sue the governmental entity which was otherwise immune. Because there were no statutes empowering the agency to purchase insurance for the benefit of the public, we held that the sole purpose of the insurance was to provide coverage *in the event* the agency should "become legally obligated to pay." Such is not the case here. (Citations omitted).

*Green River, supra,* at 476.

We, therefore, hold that by permitting a county to purchase comprehensive liability insurance, KRS 65.150 effectively allows a negligence action to be filed against the county.

Therefore, whether one characterizes the language of the statute as allowing a limited waiver of sovereign immunity for a county or as creating a simple "measuring device" to determine the liability of an insurance carrier, the result is the same. Under the language of the statute, we believe it is clear that the legislature intended that a citizen of this Commonwealth have redress for the negligent acts of a county. Accordingly, the summary judgment entered for McCracken County Fiscal Court must be reversed and Ms. Lee's action be allowed to proceed.

The summary judgment is reversed and the trial court is directed to reinstate the complaint filed by the appellant against the appellee.

MILLER, J., concurs.

HOWERTON, J., concurs with result by separate opinion.

HOWERTON, Judge, concurring.

I concur with the result reached by the majority in that the summary judgment was improper. If the terms of the County's comprehensive liability insurance policy provide coverage for Lee's injury, the County may be required to pay her damages to the extent of the coverage.

It appears to me that the Kentucky General Assembly has created another crack in county sovereign immunity by enacting KRS 65.150 (quoted in the majority opinion). *Moores v. Fayette County,* Ky., 418 S.W.2d 412 (1967), is no longer the dispositive defense to Lee's claim. Although *Green River Health Dept. v. Wigginton,* Ky., 764 S.W.2d 475 (1989), may be somewhat distinguishable on its facts, it nevertheless sets the course for the future in county tort immunity when comprehensive insurance is authorized and purchased.

Furthermore, it makes no sense for a county government to expend public funds to purchase liability insurance and then seek to avoid paying a claim solely on the basis of its immunity. The genuine issue of material fact to be decided is what coverage was purchased. If it was only to protect officers and employees from civil rights violations, as alleged, then immunity from Lee's claim has not been waived. On the other hand, if the policy covers ordinary negligence, and if Lee has brought her action against parties covered by the policy, her case should be allowed to move forward.

I would reverse and remand for further proceedings.