EDMONSON COUNTY, Kentucky; Edmonson County Fiscal Court; N.E. Reed; Bennie Simmons; Willie Lindsey; Clark Wood; Charles E. Rich; Johnny Brooks; and Neil Vincent, Appellants

v.

Sharon FRENCH, Appellee.

No. 2011–CA–000963–MR.

Court of Appeals of Kentucky.

Feb. 8, 2013.

Charles E. English, Jr., Aaron D. Smith, Bowling Green, KY, for Appellants.

Steven O. Thornton, Bowling Green, KY, for appellees.

Before DIXON, LAMBERT, and TAYLOR, Judges.

## OPINION

LAMBERT, Judge:

This is an interlocutory appeal from the Edmonson Circuit Court's denial of a motion to dismiss by the defendants on the basis of sovereign immunity. Because we agree with the defendants that they are entitled to immunity, we reverse the circuit court's ruling and remand for dismissal of the complaint.

In February 2010, Sharon French, the Edmonson Circuit Court Clerk, slipped

and fell on ice while entering the Edmonson County Courthouse, her place of employment. One year later, French filed suit in Edmonson Circuit Court against Edmonson County, Kentucky; Edmonson County Fiscal Court; and the elected members of Edmonson County Fiscal Court, N.E. Reed,[1] Bennie Simmons, Willie Lindsey, Clark Wood, Charles E. Rich, Johnny Brooks, and Neil Vincent ("the defendants" or "the appellants"). In her complaint, French alleged that the ice had formed due to dripping water from deficient guttering and drainage, which in turn caused her to fall and become injured. She also alleged that the fiscal court was responsible for maintaining the Edmonson County Courthouse and keeping the premises safe and that the defendants had acted negligently and failed in their duty to her, as a business invitee, to keep the premises in a reasonably safe condition. In their answer, the defendants pled the affirmative defense of sovereign immunity, and to the extent the defendants had been sued in their individual capacities, they stated they were entitled to qualified official immunity. Finally, the defendants specifically denied that N.E. Reed was a member of the Edmonson County Fiscal Court, but rather was the Judge Executive of Edmonson County. Shortly thereafter, the regular sitting judge for the 38th Judicial Circuit Court recused from the case, and a special judge was assigned to preside over this case.

After filing an answer, the defendants filed a motion to dismiss French's case pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 for her failure to state a claim upon which relief may be granted. In the attached memorandum, the defendants argued that the county and the fiscal court were protected by sovereign immunity pursuant to §§ 63, 64, and 65 of the Kentucky Constitution as they are incorporated, political subdivisions of the state, citing several cases including *Schwindel v. Meade County*, 113 S.W.3d 159 (Ky.2003), and *Moores v. Fayette County*, 418 S.W.2d 412 (Ky.1967). The defendants then argued that to the extent French sued the judge executive and the other members of the fiscal court in their official capacities, they are also entitled to the protection of sovereign immunity, citing *Franklin County v. Malone*, 957 S.W.2d 195 (Ky.1997). Finally, the defendants argued that if French did intend to sue the individual members in their individual capacities, they are entitled to qualified official immunity because French did not present any evidence that the individual members acted in a manner that was not within their discretionary authority or that they did not act in good faith. The defendants cited to *Moores, supra*, in support of this argument.

In response, French contended that the upkeep and maintenance of public buildings is a ministerial act because the county and its officials have no discretion as to whether to keep individuals safe on their property. In reply, the defendants noted that French did not dispute that the county, the fiscal court, and the individual members in their official capacities were all entitled to the protection of sovereign immunity. Regarding the members in their individual capacities, the defendants pointed out that French did not address the *Moores* decision, which they stated was "on all fours" with this case and mandated dismissal.

The circuit court held a hearing on the motion to dismiss on May 23, 2011. At the hearing, the defendants discussed the holding in *Moores*, which they continued to argue mandated dismissal of the claim.

1. Mr. Reed is the Edmonson County Judge Executive.

French argued that the county had a ministerial duty to keep the premises reasonably safe and was not entitled to sovereign immunity. The circuit court discussed the circumstances of this case, noting that the county knew the condition had existed for a long period of time but did nothing about it. The defendants noted that there was no proof in the record at that point in time, and then further discussed the difference between a discretionary act and a ministerial one, arguing that the county was acting in a discretionary manner. If bad faith existed, the defendants conceded there could be a viable claim, but French did not make any allegation of bad faith in her complaint. French went on to argue that the facts of this case are different from *Moores* because it was not a matter of just snow removal; rather, this was a problem with deficient guttering that the county had permitted to continue for more than a year. The defendants also mentioned that the complaint was unclear as to whether the individual members were named in their individual capacities, or only in their official capacities.

At the conclusion of the argument, the trial court ruled that there was some distinction from the *Moores* case and that it was uncomfortable about dismissing the case on the pleadings, noting there needed to be a certain amount of discovery. A written order denying the motion to dismiss was entered on May 23, 2011, and this interlocutory appeal now follows.[2]

On appeal, the appellants continue to argue that the county, the fiscal court, the judge executive, and the individually named members in their official capacities are entitled to the protections of sovereign immunity, and any claims against them should be dismissed. In addition, the ap-

pellants argue that French did not name the judge executive or the members of the fiscal court in their individual capacities in her complaint. But if she did make a viable claim against them in their individual capacities, they are nevertheless entitled to the protection of qualified official immunity. In her responsive brief, French argues that the appellants are not entitled to any immunity protection because their acts were ministerial in nature, not discretionary, and that we should liberally construe her complaint to include claims against the judge executive and the members of the fiscal court in their individual capacities.

■ The circuit court denied the appellants' motion to dismiss pursuant to CR 12.02, which had been premised upon their argument that French had failed to state a claim upon which relief could be granted. In such a case, "[t]he court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL–CIO v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky.1977). For purposes of the motion, the facts as pleaded in the complaint are admitted; only the right to relief remains to be challenged. *Huie v. Jones,* 362 S.W.2d 287, 288 (Ky. 1962). Because the resolution of this case concerns an issue of law, rather than an issue of fact, our review is *de novo. Western Kentucky Coca–Cola Bottling Co., Inc. v. Revenue Cabinet,* 80 S.W.3d 787, 790 (Ky.App.2001).

■ The first issue we shall consider is whether the county and the fiscal court are entitled to the protection of sovereign immunity. As a sovereign state, the Com-

---

**2.** "[A]n order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment."

*Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883, 887 (Ky.2009).

monwealth is protected from suit, except as may be directed by law by the General Assembly. Ky. Const. § 231. In *Yanero v. Davis*, 65 S.W.3d 510, 517–18 (Ky.2001), the Supreme Court of Kentucky described the doctrine of sovereign immunity:

> [S]overeign immunity is a concept that arose from the common law of England and was embraced by our courts at an early stage in our nation's history. It is an inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity. This principle was recognized as applicable to the Commonwealth of Kentucky as early as 1828. The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought. [Citations omitted.]

The *Yanero* Court went on to state:

> The rationale for absolute immunity for the performance of legislative, judicial and prosecutorial functions is not to protect those individuals from liability for their own unjustifiable conduct, but to protect their offices against the deterrent effect of a threat of suit alleging improper motives where there has been no more than a mistake or a disagreement on the part of the complaining party with the decision made.

*Id.* at 518.

▪ It is well established that "Kentucky counties are cloaked with sovereign immunity." *Lexington–Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky.2004). In *Franklin County v. Malone*, 957 S.W.2d 195, 204 (Ky.1997) (*overruled on other grounds by Commonwealth v. Harris*, 59 S.W.3d 896 (Ky.2001), *and on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky.2001)), the

Supreme Court reiterated its previous holding that "a county is a political subdivision of the Commonwealth and as such is an arm of state government protected by the same sovereign immunity as the state." Therefore, "in the absence of waiver, the county is immune from tort liability." *Id.* at 203.

▪ Based upon these holdings, the county and the fiscal court are entitled to the protection of sovereign immunity, and the circuit court erred in failing to dismiss those parties from French's lawsuit.

▪ Likewise, the judge executive and members of the fiscal court, in their official capacities, are entitled to the same protection. "Any action against fiscal court members in their official capacities is essentially an action against the county which is barred by sovereign immunity. Ky. Const. § 231. *Littlejohn v. Rose*, 768 F.2d 765 (6th Cir.1985)." *Malone*, 957 S.W.2d at 201. *See also Estate of Clark ex rel. Mitchell v. Daviess County*, 105 S.W.3d 841, 844 (Ky.App.2003) ("Any action against fiscal court members in their official capacities is essentially an action against the county which is barred by sovereign immunity. The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." (Citations omitted)).

For their next argument, the appellants contend that French failed to assert claims against the members of the fiscal court or the judge executive in their individual capacities because she only referred to those parties in conjunction with their official positions and failed to specify that they were being named in both their official and individual capacities. The appellants cite to *Calvert Investments, Inc. v. Louisville & Jefferson County Metropolitan Sewer*

*Dist.*, 805 S.W.2d 133 (Ky.1991), in support of this argument, while French relies upon *McCollum v. Garrett*, 880 S.W.2d 530 (Ky. 1994).

In *Calvert Investments,* the Supreme Court held that a claim against a state actor in his or her individual capacity must be made with specificity:

> [T]he question is whether the Complaint does in fact state a basis for personal liability and seek damages in an individual capacity. We are persuaded by the failure to specify individual capacity in the heading, the lack of specificity in the body, and the failure to seek judgment against such individuals in the concluding demand, that the Complaint fails to state a separate cause of action for personal liability against any particular individual.

805 S.W.2d at 139. The appellants also cite to the unpublished case of *Eblen v. Hargis,* 2003 WL 21512531 (Ky.App.2003), in which Eblen filed suit against the property valuation administrator for increasing the taxable value of his home. Relying on the holding in *Calvert Investments,* this Court upheld the dismissal of Eblen's claim for failure to state a claim against a state actor in his individual capacity, noting that the complaint only contained allegations that Hargis acted improperly in his employment as PVA.

French, in turn, relies on the Supreme Court's holding in *McCollum, supra.* In *McCollum,* the Court considered this issue in the context of a claim for malicious prosecution against a public prosecutor. As in the present case, the plaintiff referred to McCollum as the county attorney and then sought judgment against the defendants,[3] but never expressly stated whether the claim was against McCollum in his individual or official capacity.

*McCollum,* 880 S.W.2d at 532. The Court then considered the holding in *Calvert Investments,* which it distinguished from the case before it because the *ad damnum* clause in *Calvert Investments* did not seek damages from the individuals, but only listed the state agencies. The *ad damnum* clause in *Calvert Investments* provided:

> The demand for judgment, in pertinent part is:
>
> > "2. Judgment in favor of Calvert against MSD, the Board of Health and the Cabinet ... ['for'] their civil conspiracy, and their tortious interference with contract.
> >
> > 3. Punitive damages in favor of Calvert against MSD, the Board of Health and the Cabinet, all in an amount as the evidence will sustain."

*Calvert Investments,* 805 S.W.2d at 139.

Distinguishing the holding in *Calvert Investments,* the *McCollum* Court held:

> A proper approach is found in *Smith v. Isaacs,* Ky., 777 S.W.2d 912 (1989), in which we held the complaint sufficient to state a claim against the defendant for his individual negligence despite a possible construction that the allegations merely sought to pierce the corporate veil. We quoted from 6 Bertelsman and Philipps, *Kentucky Practice,* Rules of Civil Procedure, and its discussion of the function of notice pleadings and concluded that
>
> > We no longer approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law. Whereas the .old common law demur searched the pleadings for a reason to dismiss, now a Motion to Dismiss is directed at the

---

**3.** The plaintiff also named a deputy sheriff in    this complaint.

substance of the pleading. (Citation omitted.)

*Smith v. Isaacs,* 777 S.W.2d at 915. We have considered the federal authorities cited by the parties, but decline to follow what appears to be the more rigorous requirements of *Lovelace v. O'Hara,* 985 F.2d 847 (6th Cir.1993).

In our view, this issue should be resolved by a commonsense reading of the complaint and application of the Rules of Civil Procedure. While disclosure of McCollum's official position in the caption and in paragraph 2 creates a measure of uncertainty, the complaint otherwise states a straightforward claim against McCollum based upon his individual actions. Nowhere is there any allegation that Henderson County or its fiscal court is liable for damages. The relevant allegations of misconduct are directed at McCollum and Cottingham. CR 8.06 requires that "All pleadings shall be so construed as to do substantial justice." This rule, sometimes called a "liberal construction" rule, requires that a pleading be judged according to its substance rather than its label or form. To construe this pleading as a claim against the defendants in their official capacity would result in the claim being barred. To construe it as an individual capacity claim permits the litigation to proceed toward the merits, a goal we have expressly embraced in other contexts. *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986), *Crossley v. Anheuser–Busch, Inc.,* Ky., 747 S.W.2d 600 (1988).

*McCollum,* 880 S.W.2d at 532–33 (footnote omitted).

■ Reviewing the complaint in the instant case, we recognize that French did not specify whether she was alleging claims against the judge executive and fiscal court members in their official or individual capacities, but she certainly referred to them in their official capacities. She then referred to them as "defendants" in the remainder of the complaint, and specifically requested relief from the defendants in the *ad damnum* clause. However, French specifically pled that the Edmonson County Fiscal Court was "responsible for maintaining and keeping safe the premises of the Edmonson County Courthouse, public building" and that the defendants failed to keep the premises she would reasonably be expected to use in a reasonably safe condition. French did not single out any particular member of the fiscal court or the judge executive regarding that person's action or lack of action, as was the case in *McCollum.* And she certainly alleged that the county and the fiscal court were liable.

Based upon our consideration of the cases cited by the parties, we are persuaded that this case is controlled by the holding in *Calvert Investments, supra.* Accordingly, we hold that French's complaint alleged a claim against the judge executive and the fiscal court members in their official capacities only. Because we have already held that the county, the fiscal court, and the judge executive and the members of the fiscal court, in their official capacities, are cloaked with sovereign immunity, French's claim must be dismissed, and the circuit court erred in denying the appellants' motion to dismiss.

For the foregoing reasons, the order of the Edmonson Circuit Court denying the appellants' motion to dismiss is reversed, and this matter is remanded for dismissal of French's complaint.

ALL CONCUR.