**Zachery SHEPHERD, Plaintiff,**

v.

**FLOYD COUNTY, KENTUCKY, et al., Defendants.**

**Civil Action No. 15–54–ART**

United States District Court,
E.D. Kentucky,
Southern Division.
Pikeville.

Signed September 10, 2015

Jerry Patton, Jerry A. Patton, PSC, Prestonsburg, KY, for Plaintiff.

Jonathan C. Shaw, Michael J. Schmitt, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, for Defendants.

## ORDER

Amul R. Thapar, United States District Judge

Zachery Shepherd, an inmate at the Floyd County Detention Center, alleges that he was "brutally" and "savagely" beaten by another inmate during his incarceration. R. 1–1 at 2 (state court complaint). Shepherd filed suit in state court against Floyd County, Floyd County Fiscal Court, and employees of the Floyd County Detention Center in their official and individual capacities. *See id.* He brought a claim under 42 U.S.C. § 1983 for violations of "his rights, privileges, and immunities guaranteed by the Eighth, Tenth, and Fourteenth Amendments." *Id.* He also brought state-law tort claims. *Id.*

The defendants removed the case to federal court, R. 1, then moved to dismiss (1) the § 1983 claim against the individual defendants in their official capacities; (2) state-law claims against defendants Floyd County and Floyd County Fiscal Court; and (3) state-law claims against the individual defendants in their official capacities. R. 3. They argue that the § 1983 claim against the individual defendants in their official capacities is redundant, and that sovereign immunity bars the state law claims against the county, the fiscal court, and the individual jailer defendants in their official capacities. *Id.* They are correct, so their motion to dismiss, R. 3, must be granted. The defendants did not move to dismiss the § 1983 claims against Floyd County, Floyd County Fiscal Court, and the individual defendants in their individual capacities, or the state law claims against the individual defendants in their individual capacities. Those claims remain.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), the Court reviews whether Shepherd's complaint alleges "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To meet this standard, Shepherd must plead "factual content that allows the court to draw the reasonable inference that [the defendants] are liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). At this stage, the Court construes factual allegations "in the light most favorable to the plaintiff" and draws "all reasonable inferences in favor of the plaintiff." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,* 648 F.3d 452, 456 (6th Cir.2011) (quoting *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 903 (6th Cir.2009)). But if those allegations are "are insufficient as a matter of law," it is not an abuse of discretion for a district court to dismiss claims under Rule 12(b)(6). *Flaim v. Med. Coll. of Ohio,* 418 F.3d 629, 643 (6th Cir.2005). Here, because sovereign immunity protects the county, the county fiscal court, and the individual defendants in their official capacities as a matter of law, the Court cannot grant relief on these claims.

**I. The § 1983 Claim Against the Individual Defendants in Their Official Capacities May Be Dismissed as Redundant.**

Shepherd's § 1983 claim against the individual defendant jailers in their

official capacities is redundant with his § 1983 claim against Floyd County and the Floyd County Fiscal Court. Section 1983 claims may be dismissed against government entity employees as redundant when the plaintiff also sues the government entity. *See C.K. v. Bell Cnty. Bd. of Educ.,* 839 F.Supp.2d 881, 884 (E.D.Ky.2012) (citing *Doe v. Claiborne Cnty., Tenn.,* 103 F.3d 495, 509 (6th Cir.1996); *C.A. ex. Rel. G.A. v. Morgan Cnty. Bd. of Educ.,* 577 F.Supp.2d 886, 890 (E.D.Ky.2008)). Here, Shepherd sued the government entities, Floyd County and Floyd County Fiscal Court, as well as the county's employees. R. 1–1. Thus, the § 1983 claim against the individual defendants—jailers and deputy jailers—in their official capacities can be dismissed as a "housekeeping" matter. *C.K.,* 839 F.Supp.2d at 884.

## II. Governmental Immunity Bars State Law Claims Against Floyd County and Floyd County Fiscal Court.

▮ Governmental immunity protects Floyd County and the Floyd County Fiscal Court from Shepherd's claims. *See Smith v. Cnty. of Lenawee,* 600 F.3d 686, 690 (6th Cir.2010) (holding that state governmental-immunity law applies). A Kentucky county and its county government are cloaked with sovereign immunity. *See Schwindel v. Meade Cnty.,* 113 S.W.3d 159, 163 (Ky.2003); *see also Howard ex rel. Estate of Howard v. Bayes,* 457 F.3d 568, 577 n. 9 (6th Cir.2006) (stating that Magoffin County, Kentucky, and its fiscal court are entitled to sovereign immunity "for the tortious performance of governmental functions"); *Franklin Cnty., Ky. v. Malone,* 957 S.W.2d 195, 203 (Ky.1997) (stating that county immunity from tort liability, in the absence of waiver, is "well-settled"). Floyd County and Floyd County Fiscal Court "enjoy the benefits and protection of governmental immunity except where it has been explicitly waived by the [Kentucky] legislature." *Furtula v. Univ. of Ky.,* 438 S.W.3d 303, 305 & n. 1 (Ky.2014).

### A. No Legislative Waiver of Governmental Immunity Exists in This Case.

▮ None of the Kentucky statutes that the plaintiff mentions waive Floyd County's governmental immunity, neither explicitly nor by necessary implication. *Cf. Furtula,* 438 S.W.3d 303 at 305–06 (holding that Kentucky Revised Statute ("KRS") 45A.245 explicitly waived sovereign immunity for contract actions). Shepherd cites Section 44.072 of the Kentucky Board of Claims Act in his response. R. 7 at 13. The Act created an entity to investigate and compensate people injured "as a proximate result of [the Commonwealth's] negligence." KRS 44.070 et seq. A provision of the Act, Section 44.072 contains a limited waiver of sovereign immunity for Kentucky's "cabinets, departments, bureaus or agencies, or any of its officers, agents or employees while acting within the scope of their employment." But counties are specifically exempted from that waiver. *Commonwealth of Ky. Bd. of Claims v. Harris,* 59 S.W.3d 896, 900 (Ky. 2001). Thus, the Kentucky legislature did not waive Floyd County or the Floyd County Fiscal Court's governmental immunity when it enacted Section 44.072. Shepherd mentions multiple other statutes in his complaint, but none of them waive governmental immunity. *See* R. 1–1. First, KRS 441.045 vests authority for establishing rules for the jail in the "county governing body" and mandates that the budget cover medical care for indigent prisoners in the jail. But that statute does not waive the county's sovereign immunity. *Jewish Hosp. Healthcare Servs., Inc. v. Louisville /Jefferson Cnty. Metro Gov't,* 270 S.W.3d 904, 907 (Ky.Ct.App.2008). Second, KRS 67.080 outlines the county

fiscal court's powers. Again, KRS 67.080 contains no waiver of sovereign immunity. *Moores v. Fayette Cnty.*, 418 S.W.2d 412, 414 (Ky.1967). Third, KRS 71.040 governs the treatment of prisoners. Despite the statute's facial relevance, Kentucky courts have held that it is not a waiver of the county's immunity, nor is it a waiver of the jailer's and deputy jailer's immunity in their official capacities. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 473 (Ky.2006) (affirming circuit court's grant of summary judgment for Rowan County, jailer, and deputy jailer in their official capacities). Fourth, KRS 71.020 states that the jailer has "custody, rule, and charge" of the jail. That statute does not waive governmental immunity either. *See id.* Finally, KRS 446.070 provides for civil recovery in addition to penalties. Once again, the statute does not affect sovereign immunity. *See, e.g., Clevinger v. Bd. of Educ. of Pike Cnty.*, 789 S.W.2d 5 (Ky.1990). Thus, the legislature has not waived the county's or the county fiscal court's governmental immunity for Shepherd's claims.

### B. Purchase of Insurance is Insufficient to Waive the County's Governmental Immunity.

 The plaintiff alleges that Floyd County's purchase of insurance could waive the county's immunity. R. 7 at 12. But such allegations, even if supported by facts, are insufficient to waive the county's immunity. "[T]he purchase of liability insurance, without more, cannot abrogate a county's sovereign immunity." *Ezell v. Christian Cnty., Ky.*, 245 F.3d 853, 855 (6th Cir.2001) (citing *Malone*, 957 S.W.2d at 203). A waiver of immunity must be "specific and express." *Id.* Therefore, even if Floyd County had purchased liabili-

ty insurance, it would not waive governmental immunity.

### C. Waiver of Eleventh Amendment Immunity Does Not Affect Floyd County's or the Floyd County Fiscal Court's Governmental Immunity.

 The plaintiff cites Eleventh Amendment cases to argue that the county waived its sovereign immunity when it removed the case to federal court. *See* R. 7 at 9 (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)). But the cases he cites concern whether a state may be sued in federal court, not whether a county waives governmental immunity when it removes to federal court. The stated purpose of the Eleventh Amendment was to protect states from suit in federal court, curtailing federal jurisdiction. *See Hans v. Louisiana*, 134 U.S. 1, at 9–14, 10 S.Ct. 504, 33 L.Ed. 842 (1890) (discussing the origin of the Eleventh Amendment); *see also Lapides*, 535 U.S. at 620, 122 S.Ct. 1640 (holding that state's removal to federal court "voluntarily invoked the federal court's jurisdiction," waiving Eleventh Amendment immunity). The Eleventh Amendment, which generally bars suits against states and state officials in federal court, does not apply to counties. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 n. 34, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).[1] Floyd County's and the Floyd County Fiscal Court's immunity comes from state law, not the Eleventh Amendment. The county's immunity is "grounded ... in the separation of powers doctrine embodied in Sections 27 and 28" of the Kentucky Con-

---

1. The Supreme Court previously held that the Eleventh Amendment bars suits against county officials in their official capacities only when relief ran against the state treasury. *See id.* But relief cannot run against the state

treasury here. *See Ky. v. Harris*, 59 S.W.3d 896, 902 (Ky.2001) (Cooper, J., concurring) (noting that Section 176 of the Kentucky Constitution specifically prohibits the state from paying the county's debts).

stitution. *Yanero v. Davis,* 65 S.W.3d 510, 519 (Ky.2001); *see Furtula,* 438 S.W.3d at 305–06 & n. 1; *Defenses–Immunity,* 21 Ky. Prac. Elements of an Action § 10:7 (citing *Yanero,* 65 S.W.3d at 519). Federal courts must apply state substantive law, including immunities, when dealing with supplemental state law claims in federal court. *See generally Erie R. Co. v. Tompkins,* 304 U.S. 64, 80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court must therefore apply Kentucky governmental immunity law to Shepherd's state law claims. Because the county's immunity comes from state law, the county's removal to federal court has no impact on its governmental immunity. Floyd County and the Floyd County Fiscal Court remain protected from Shepherd's state law claims.

### III. Governmental Immunity Also Bars Shepherd's State Law Claims Against the Individual Defendants in their Official Capacities.

Governmental immunity protects the individual jailer and deputy jailers from suit in their official capacities. Jailers, in their official capacities, are "cloak[ed]" with the "county's sovereign immunity." *Harris,* 59 S.W.3d at 899 (reasoning that the jailer is a constitutionally elected officer of the county under Section 99 of the Kentucky Constitution, and reports to the fiscal court, which oversees the jail's operation and budget (citations omitted)); *see also Comair, Inc. v. Lexington–Fayette Urban Cnty. Airport Corp.,* 295 S.W.3d 91, 94 (Ky.2009) (holding that county airport board and twenty board members in their representative capacities had sovereign immunity in suit for negligence); *Yanero,* 65 S.W.3d at 522 (stating agency employee is afforded the same immunity as the agency when he is sued in his representative capacity). Here, the jailers and deputy jailers hold the same offices as the *Harris* defendants. *See Harris,* 59 S.W.3d at 899.

Thus, governmental immunity bars state law claims against the individual defendants in their official capacities.

### CONCLUSION

The defendants are protected by governmental immunity against Shepherd's claims as a matter of law. Accordingly, it is **ORDERED** that the defendants' motion to dismiss, R. 3, is **GRANTED**.